UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RES-MO SPRINGFIELD, LLC,

    Plaintiff,

v.                                                                                                   Case No. 13-2169-EFM-DJW

TUSCANY PROPERTIES, L.L.C., et al.,

    Defendants.

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Strike Affirmative Defenses (ECF No. 11) and Memorandum in Support (ECF No. 12). Plaintiff, RES-MO Springfield, LLC, ("RES-MO") asks the Court to strike certain affirmative defenses in the Answer (ECF No. 9) filed by Defendants Tuscany Properties, LLC ("Tuscany"), Donna S. Blake, Brent T. Blake, and Cypress Enterprises, Inc. (collectively "Defendants"). Defendants filed a Memorandum in Opposition (ECF No. 15) asking the Court to deny the Motion or, in the alternative, to allow them to amend their answer to provide additional notice of the bases for the affirmative defenses. Upon review, the Court concludes that the Motion should be denied.

**I. Background**

On April 10, 2013, RES-MO filed a Complaint (ECF No. 1) seeking to recover on a promissory note and to enforce guaranties. RES-MO claims that it is the successor in interest to a promissory note which was originally executed by Tuscany to Columbian Bank to fund the development of property in Cass County, Missouri. RES-MO also claims that Ms. Blake executed a commercial guaranty to Columbian Bank for Tuscany's indebtedness. Before RES-MO obtained the note, the Federal Deposit Insurance Corporation ("FDIC") held the note as receiver for Columbian Bank. Defendants admit in their answer that Ms. Blake executed a

1

guaranty[1] but deny that RES-MO is entitled to any recovery and also assert the following affirmative defenses, which RES-MO now moves to strike:

> …
> 2. Plaintiff lacks standing to file the captioned case and is not the real party in interest.
> …
> 4. Plaintiff's claims are barred, in whole or in part, by waiver, estoppel, and/or laches.
> 5. Plaintiff failed to mitigate its alleged damages.
> 6. Requiring Donna S. Blake to execute the guaranty violates Regulation B of the Equal Credit Opportunity Act and, as a result, her guaranty is null and void.
> 7. The granting of Plaintiff's demand would result in unjust enrichment, as Plaintiff would receive more money than Plaintiff is entitled to receive.
> 8. The Complaint fails to allege whether or not the purported assignments were partial or complete, and there is no evidence that the purported assignments were bona fide.[2]

At this early stage of the proceedings, the parties have not yet conducted formal discovery.

## II. Discussion

### A. Parties' Arguments

RES-MO requests that the Court strike the affirmative defenses in paragraphs 4 and 5, arguing that under the *D'Oench, Duhme* doctrine, codified in 12 U.S.C. 1823(e), Defendants are precluded from litigating the affirmative defenses of waiver, estoppel, laches, or failure to mitigate damages.[3] Plaintiff asserts that as to the FDIC or its successors in interest, the *D'Oench, Duhme* doctrine invalidates any side agreement not explicitly documented in the official records of the original failed lender. Because Defendants did not provide any such

---

[1] Defs.' Answer (ECF No. 9) at 2:11.

[2] *Id.* at 4.

[3] Pl.'s Mem. in Supp. (ECF No. 12) at 1.

supporting documentation, RES-MO claims that their affirmative defenses of waiver, estoppel, laches, and failure to mitigate damages fail as a matter of law.[4]

Next, RES-MO asks the Court to strike the affirmative defense in paragraph 6, wherein Defendants allege that requiring Ms. Blake to execute a guaranty violated Regulation B of the Equal Credit Opportunity Act ("ECOA"). RES-MO first argues that Ms. Blake does not meet the statutory definition of an "applicant" under the ECOA as set forth in 15 U.S.C. § 1691a(b). RES-MO assumes that Defendants are relying on an expanded definition of "applicant" pursuant to 12 C.F.R. § 202.2(e), but argues that this expansion is unwarranted and unauthorized by law.[5] Then, RES-MO posits that there is no authority in the ECOA for nullifying an instrument such as a guaranty, although it recognizes that there is a split of authority on this issue.[6]

Lastly, RES-MO makes a brief argument as to the sufficiency of all of the affirmative defenses raised in paragraphs 2, 4, 5, 6, 7, and 8. It states that because the language of Rule 8(a) parallels that of 8(b) and 8(c), the Supreme Court's recent reinterpretation of the pleading standards for complaints in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) should apply to the Defendants' affirmative defenses.[7]

Defendants oppose the Motion, stressing that the Federal Rules of Civil Procedure require them to plead affirmative defenses in order to avoid waiving them.[8] Further, Defendants argue that this Court has previously held that the holdings in *Iqbal* and *Twombly* apply to

---

[4] *Id.* at 2.

[5] *Id.* at 3.

[6] *Id.* at 3–4.

[7] *Id.* at 4–5.

[8] Defs.' Mem. Opposing Pl.'s Mot. To Strike Affirmative Defenses (ECF No. 15) at 3.

3

complaints but not affirmative defenses, so RES-MO's general objection is misplaced.[9] Defendants contend that it is far too early in the litigation process to test the soundness of their defenses and that discovery will serve that purpose.[10] Lastly, they assert that RES-MO has failed to explain how the affirmative defenses prejudice RES-MO.[11] The general tenor of Defendants' response is that they should not be penalized for preserving affirmative defenses on which they might prevail.

### B. Affirmative defenses under the *D'Oench, Duhme* doctrine

In paragraphs 4 and 5, Defendants contend that "[RES-MO's] claims are barred, in whole or in part, by waiver, estoppel, and/or laches" and that RES-MO "failed to mitigate its alleged damages."[12] RES-MO argues that the *D'Oench, Duhme* doctrine precludes these defenses because they are unsupported by explicit documentation. Very briefly, *D'Oench, Duhme*, codified in 12 U.S.C. § 1823(e), invalidates any agreement that diminishes or defeats a corporation's interest in assets obtained through the FDIC if the agreement was not properly executed in writing, approved by the corporation's board of directors, and maintained as an official record.[13] By allowing bank regulators to rely only on properly executed bank records, the doctrine allows the regulators to quickly and efficiently review the records of failed financial institutions.[14] RES-MO, thus, posits that because the Defendants did not provide any additional

---

[9] *Id.* at 3.

[10] *Id.*

[11] *Id.* at 5.

[12] Defs.' Answer (ECF No. 9) at 4.

[13] There are a few narrow exceptions to the rule that are not relevant to this discussion. 12 U.S.C. § 1823(e)(2) (2012). Additionally, where the FDIC previously held the note, a subsequent assignee retains the same protection as if were the FDIC itself. *See Bank Midwest, N.A. v. Millard*, 10-2387-JAR, 2012 WL 2583385 at *3 (D. Kan. July 3, 2012).

[14] *F.D.I.C. v. Noel*, 177 F.3d 911, 918 (10th Cir. 1999).

4

records, they cannot avail themselves of the defenses of waiver, estoppel, laches, and failure to mitigate damages.

Because striking a pleading is a "drastic remedy," courts are hesitant to do so.[15] To overcome this policy, a movant must show that the "challenged allegations cannot succeed under any circumstances."[16] Out of an abundance of caution, "[i]f the record reveals any doubt as to whether under any contingency a certain matter may raise an issue, the Court should deny the motion."[17]

At this early stage of litigation, without investigation through discovery of the bases for these defenses, the Court is unable to determine if they are barred by the *D'Oench Duhme* doctrine.[18] Other than the facts alleged in RES-MO's complaint and a cursory timeline of the events at issue, the Court has little before it to help it determine if the affirmative defenses are, indeed, precluded. Notwithstanding the doctrine's apparent clarity, there may be scenarios where the doctrine would not apply.[19] Thus, RES-MO's motion is simply premature. The Court must, therefore, deny RES-MO's request under the *D'Oench Duhme* doctrine to strike the affirmative defenses in paragraphs 4 and 5.

**C. Affirmative Defense under Regulation B of the ECOA**

Next, RES-MO asks the Court to strike affirmative defense in paragraph 6, which claims that requiring Ms. Blake's to execute a guaranty violated Regulation B of the ECOA, making the

---

[15] *Bowers v. Mortgage Elec. Registration Sys.*, 10-4141-JTM, 2011 WL 2149423 at *2 (D. Kan. June 1, 2011).

[16] *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1259 (D. Kan. 2011).

[17] *Miller v. Pfizer, Inc.*, 99-2326-KHV, 1999 WL 1063046 at *3 (D. Kan. Nov. 10, 1999).

[18] *See Bank of the Ozarks v. Khan*, 903 F. Supp. 2d 1370, 1381 (N.D. Ga. 2012) ("Without development of the facts underlying these defenses, the Court cannot determine whether they are barred by the *D'Oench Duhme* doctrine as the Bank claims."); *Kelley Metal Trading Co. v. Al-Jon, Inc.*, 92-4116-R, 1993 WL 34673 (D. Kan. Jan. 12, 1993) ("The insufficiency of this defense is not clearly apparent.").

[19] *See Miller v. Pfizer, Inc.*, 99-2326-KHV, 1999 WL 1063046 at *3 (D. Kan. Nov. 10, 1999).

guaranty null and void. RES-MO candidly admits that courts in this District are split on whether the ECOA allows guarantors to avoid their liability under a debt.[20] There is also some dispute as to whether a guarantor qualifies as an "applicant" for the purposes of the ECOA.[21] These are both essential issues that a court must settle in order to determine whether the guarantee violates Regulation B of the ECOA. It would stretch reason to hold that Ms. Blake could not win under any circumstances when courts interpret the potentially dispositive law in different manners. Therefore, the Court concludes that the request to strike paragraph 6 should be denied.

### D. Affirmative Defenses and Sufficiency of Pleading

Rule 12(f) directs that a court "may strike from a pleading any insufficient defense."[22] A responding party, under Rule 8(b)(1)(A), must "state in short and plain terms its defenses to each claim asserted against it."[23] In *Twombly* and *Iqbal*, the Supreme Court iterated that a plaintiff may not proceed on a complaint that contains only bare assertions and conclusions.[24] The Court limited its reasoning to complaints and made no mention of the standards for answers.[25]

---

[20] *Boyd v. U.S. Bank Nat. Ass'n*, 06-2115-KGS, 2007 WL 2822518 at *16 (D. Kan. Sept. 26, 2007) ("[] [I]n the District of Kansas, courts have found both that 'the ECOA does not provide for the invalidation of a guaranty as a remedy for an ECOA violation and that a party against whom the violation of ECOA has occurred can use the violation offensively to avoid their obligation on the debt.' ").

[21] *Compare Moran Foods, Inc. v. Mid-Atl. Mkt. Dev. Co.*, 476 F.3d 436, 437 (7th Cir. 2007) (Guarantor was not "applicant" under ECOA), *with Citgo Petroleum Corp. v. Bulk Petroleum Corp.*, 08-CV654, 2010 WL 3931496 at * 9 (N.D. Okla. Oct. 5, 2010) (Guarantor was "applicant" under ECOA).

[22] FED. R. CIV. P. 12(h).

[23] *Id.* 8(b)(1)(A).

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

[25] *See generally id.*

As RES-MO acknowledges, this District is split on whether *Twombly* and *Iqbal* apply to answers.[26] This Court has previously held, after a lengthy consideration of the issue, that they only apply to complaints, and not to answers.[27] In sum, Rules 8(b) and 8(c), unlike 8(a), do not require responding parties to show why they are entitled to relief; therefore, the plain language of Rule 8 appears to make sections (b) and (c) "markedly less demanding than that of rule 8(a)."[28] This Court in *Bowers* also mentioned several reasons for applying a higher pleading standard to complaints rather than answers, including the notion that plaintiffs have years to investigate and draft a complaint while defendants only have a mere 21 days to respond.[29] Here, RES-MO asks the Court to reverse its stance while offering no contrary rationale, so the Court sees no reason to revisit the same discussion. For these reasons the Court declines to strike the defenses in paragraphs 2, 4, 5, 6, 7, and 8 as insufficiently plead.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike Affirmative Defenses (ECF No. 11) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 5th day of August, 2013.

s/ David J. Waxse  
David J. Waxse  
United States Magistrate Judge

---

[26] *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1259 (D. Kan. 2011); *Bennett v. Sprint Nextl Corp.*, 09-2122-EFM, 2011 WL 4553055 at *2 (D. Kan. Sept. 29, 2011); *Unicredit Bank AG v. Bucheli*, 10-2436-JWL, 2011 WL 4036466 at *6 (D. Kan. Sept. 12, 2011); *United States ex rel. Minge v. TECT Aerospace, Inc.*, 07-1212-MLB, 2011 WL 2473076 at *3 (D. Kan. June 21, 2011); *Bowers v. Mortgage Elec. Registration Sys.*, 10-4141-JTM, 2011 WL 2149423 at *4 (D. Kan. June 1, 2011); *Contra Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 652 (D. Kan. 2009).

[27] *Bowers v. Mortgage Elec. Registration Sys.*, 10-4141-JTM, 2011 WL 2149423 at *4 (D. Kan. June 1, 2011).

[28] *Bowers v. Mortgage Elec. Registration Sys.*, 10-4141-JTM, 2011 WL 2149423 at *3 (D. Kan. June 1, 2011) (citing *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1258 (D. Kan. 2011)).

[29] *Bowers v. Mortgage Elec. Registration Sys.*, 10-4141-JTM, 2011 WL 2149423 at *4 (D. Kan. June 1, 2011).